UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSA D. MELECIO,<br><br>            Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER<br>SOCIAL SECURITY ADMINISTRATION,<br><br>            Defendant. | No. 3:09-cv-1900 (CSH) |

**ORDER**

HAIGHT, Senior District Judge:

      Plaintiff Rosa D. Melecio ("Plaintiff") brought this action for judicial review of a final decision by the Social Security Administration ("SSA"), rejecting her application for Supplemental Security Income under Title XVI. Doc. 3 (Complaint), p. 1, ¶¶ 1-2. Pending before the Court is an "assented to" motion of the Commissioner of the SSA ("Commissioner") for voluntary remand of the case for further administrative proceedings and entry of final judgment under sentence four of 42 U.S.C. § 405(g) . Doc. 6 ("Assented To Motion for Voluntary Remand Before Answer and Entry of Final Judgment Under Sentence Four of 42 U.S.C. § 405(g)"). For the reasons set forth below, the Court grants the motion, reverses the SSA decision, orders entry of final judgment, and remands the case to the Commissioner for further proceedings.

      The Supreme Court has delineated two mutually exclusive sentences in 42 U.S.C. § 405(g) under which a district court may remand Social Security cases: sentences four and six.

*Shalala v. Schaefer*, 509 U.S. 292, 296 & n.1 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).[1] In the present motion, the Commissioner and the plaintiff, by assent, seek remand under sentence four.[2] In paragraph one, the Commissioner repeatedly specifies that the motion is brought "under sentence four of 42 U.S.C. § 405(g)." Doc. 6, p. 1, ¶1. Moreover, the language in both the title and closing request of the motion makes reference to "entry of final judgment" under sentence four. *Id.*, title (motion for "Entry Of Final Judgment Under Sentence Four of 42 U.S.C. § 405(g)") and p. 2, ¶ 2 (requesting "entry of final Judgment").

Sentence four of 42 U.S.C. § 405(g) authorizes the court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

---

[1] See also *Edwards Ex Rel. Edwards v. Barnhart*, 238 F. Supp. 2d 645, 650 (S.D.N.Y. 2003) ("the Supreme Court has now made clear that sentence four and sentence six are the *only* valid sources of authority for district court remands in § 405(g) social security cases") (emphasis in original) (citing *Schaefer*, 509 U.S. at 299–300 & nn. 3-4).

[2] A sentence-six remand, in contrast to one under sentence four, may be ordered for good cause either on the motion of the Commissioner before answering the complaint, or where there is new material evidence. 42 U.S.C. § 405(g). See also *Schaefer*, 509 U.S. at 297 n.2 ("Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency."). When making a sentence-six remand, the district court makes no substantive ruling as to the correctness of the decision (i.e., no final judgment) and anticipates the return of the parties to court after further SSA proceedings. See *Melkonyan*, 501 U.S. at 98 (Under sentence six, "[t]he district court does not affirm, modify, or reverse the Secretary's decision. . . . Rather, the court remands because new evidence has come to light that was not available to the claimant a the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding. . . . [F]ollowing a sentence six remand, the Secretary must return to the district court . . . .").

In the present case, although the Commissioner brought this motion prior to answering the complaint, he expressly requests remand due to "deficiencies in the current [SSA] decision" under sentence four. Doc. 6, p. 1, ¶ 2. Moreover, the claimant herself makes no claim that request for remand is based on the discovery of any new, material evidence. Both parties, by virtue of the motion, seek "final judgment." Under these circumstances, a sentence-six remand is inapposite.

Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Melkonyan*, 501 U.S. at 97-98. Under sentence four, the Court may thus grant the relief requested herein, i.e., reverse the administrative decision and remand for a rehearing. Such a remand "is appropriate when the Commission has failed to provide a full and fair hearing, to make explicit findings, or to have correctly applied the law and regulations." *Castro v. Apfel*, 1999 WL 761142, at *2 (W.D.N.Y. 1999) (citing *Melkonyan*, 501 U.S. at 101).

In the motion at hand, the Commissioner requests remand on the basis that the "current decision" is flawed by a number of "deficiencies." Doc. 6, p. 1, ¶2. Accordingly, the plaintiff should be "offered the opportunity for a new hearing and submission of evidence" before an administrative law judge ("ALJ"). *Id.* After careful review, this Court concurs that reversal and remand to the Commissioner are warranted.

Upon remand, the Decision Review Board will direct the ALJ to correct deficiencies in the current decision and more specifically to : (1) provide a rationale for, or resolve the inconsistency between, finding "severe" affective and anxiety disorders that cause significant mental limitations but then rating only mild limitations or no decompensation; (2) obtain English translations of the treatment notes written in the Spanish language at Exhibit 12F (despite the fact that the notes pre-date the application date); (3) mark as exhibits to the record the documents contained in Section D of the transcript, as described in pages 3 and 4 of the decision, and consider same in rendering a decision; (4) define "SVP" and all similar terms used in the decision; (5) comply with the function-by-function limitation assessment requirements in 20 C.F.R. §416.945 and SSR 96-8p; and (6) issue a new decision.

For the foregoing reasons, the Court grants the Commissioner's "Assented To Motion for

Voluntary Remand Before Answer and Entry of Final Judgment Under Sentence Four of 42 U.S.C. § 405(g)."   The Court hereby reverses the SSA decision and remands the matter to the Commissioner for further proceedings consistent with the instructions set forth above. [3]  The Clerk of the Court shall enter judgment for the plaintiff in accordance with  Federal Rule of Civil Procedure 58, and close the file.

It is SO ORDERED.

Dated: New Haven, Connecticut
         January  27,  2010

                                             /s/Charles S. Haight, Jr.
                                            CHARLES S. HAIGHT, JR.
                                       SENIOR UNITED STATES DISTRICT JUDGE

---

[3] In granting the motion pursuant to sentence four, judgment is final and this Court retains no jurisdiction over the matter.  *Melkonyan*, 501 U.S. at 101-102;  see also,  *Schaefer* , 509 U.S. at 296-98.